TIMOTHY M. BURNS *vs.* THE PLUME AND ATWOOD MANU-
FACTURING COMPANY.

NEW HAVEN CO., JUNE T., 1888.   PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

Gen. Statutes, § 1231, provides that "so much of any debt which has ac-
    crued by reason of the personal services of the debtor as shall not exceed
    fifty dollars, shall be exempted and not liable to be taken by foreign
    attachment or execution; but this provision shall not apply to any
    debt due June 1st, 1887." Held that the "debt" intended by the last
    clause is the debt due to the debtor from the garnishee, and not the
    debt owed by him to the attaching creditor.

[Argued June 12th—decided October 9th, 1888.]

SCIRE FACIAS against a garnishee upon a process of foreign attachment; brought originally before a justice of the peace, and, by appeal of the defendants, to the District Court of Waterbury; and heard in that court before *Cowell, J.* Facts found and judgment rendered for the defendants, and appeal by the plaintiff. The case is fully stated in the opinion.

*A. P. Bradstreet* and *F. W. Etheredge,* for the appellant.

*J. M. Sweeney* and *D. F. Webster,* for the appellees.

PARDEE, J. This is a complaint by a factorizing creditor for the recovery of money from a garnishee.

In March, 1888, the plaintiff instituted a suit against one O'Halloran for the recovery of about seven dollars, serving process of garnishment upon the defendant. It then owed O'Halloran about seven dollars for personal labor during the preceding week; it refused to pay this money to the plaintiff, claiming that it was by law exempt from attachment; the plaintiff denied this. There was judgment for the defendant. The plaintiff appeals.

In 1887 the legislature made the following enactment: "So much of any debt which has accrued by reason of the personal services of the debtor as shall not exceed fifty dollars, including wages due for personal services of any minor child under the age of twenty-one years, shall be exempted and not liable to be taken by foreign attachment or execution." Acts of 1887, ch. 132, sec. 1. This act was approved on May .18th, 1887. It protected wages earned in the unlimited past.

On the next day the legislature amended and restricted it by providing that it should "not apply to any debt due at the date of its passage." Acts of 1887, ch. 47. The act as amended went into effect on June 1st, 1887, and it protected wages earned after that date.

The revision, which went into operation on January 1st, 1888, provides (§ 1231) as follows: "But so much of any debt which has accrued by reason of the personal services of the debtor as shall not exceed fifty dollars, including wages due for personal services of any minor child under the age of twenty-one years, shall be exempted and not liable to be taken by foreign attachment or execution; but this provision shall not apply to any debt due June 1st, 1887;" thus reproducing the legislation of 1887.

This legislation is in the interest of the wage-earner, not in that of his creditor. Therefore it concerns itself solely with the debt due from the employer to the laborer, and makes no mention of the debt due from the laborer. There are more reasons for believing that the legislature intended to

protect the laborer after June 1st, 1887, from all creditors, than for believing that it intended to give him who became a creditor before, a preference 'over him who became such after that date.

The wages which are the subject of this contention are protected by the statute from attachment.

There is no error in the judgment complained of.

In this opinion the other judges concurred.